ACTON C. HARTSHORNE v. BOROUGH OF AVON-BY-THE-SEA.

Submitted June Term, 1907—Decided November 11, 1907.

1. Under section 10 of the Tax act of 1903 (*Pamph. L., p.* 400) a mortgage held by a building and loan association cannot be deducted from the assessed value of real estate.
2. The act of March 20th, 1874 (*Pamph. L., p.* 388), as to the taxation of the capital stock of building and loan associations in Monmouth county was superseded by the constitutional provision of 1875 that required property to be assessed under general laws and by uniform rules.
3. The act of March 28th, 1904 (*Pamph. L., p.* 201), which purports to repeal so much of the Tax act of 1903 as repeals the act of March 20th, 1874 (*Pamph. L., p.* 388), is unconstitutional.

On *certiorari.*

Before Justices GARRISON and SWAYZE.

*Acton C. Hartshorne, pro se* (*Eusebius W. Arrowsmith,* of counsel).

For the defendants, *George W. W. Porter.*

A brief was also filed by *Frank Durand.*

The opinion of the court was delivered by

SWAYZE, J.  The prosecutor claimed a deduction from the value of real estate for the amount of a certain mortgage held by the Freehold Mutual Loan Association.  This mortgage was given to secure the payment of interest on the principal of the loan and the monthly installments to be paid on shares of stock until the value of the shares equaled the amount of the loan, which was then to be satisfied.  It did not provide otherwise for the payment of the principal of the loan.

The revised Tax act of 1903 expressly enacts that no deduction from the assessed value of real property shall be made

by the assessor on account of any mortgage debt. It is suggested that this provision does not apply to the present case because of an exception of mortgages which are an investment of funds not subject to taxation. To this contention there are two answers: *First.* The exception has no relation to the deduction of mortgages from the assessed value of real property, but relates only to the right of the mortgagor to an abatement of interest by reason of the taxes paid by him. This abatement is to be allowed except where the parties have otherwise agreed or where the mortgage is an investment of funds not subject to taxation. It would be a very unnatural construction which would make one of these exceptions, which are connected by the conjunction "or," relate back to the earlier portion of the section. *Second.* This mortgage is not an investment of funds not subject to taxation, for it is settled by our decisions that such assets of building and loan associations are taxable. *Washington Building and Loan Association* v. *Creveling,* 10 *Vroom* 465; *affirmed,* 11 *Id.* 192; *Washington Building and Loan Association* v. *Hornbacker,* 13 *Id.* 635.

The point on which the prosecutor chiefly relied was that under an act of 1874 a special method of assessment was established for building and loan associations in Monmouth county. *Pamph. L.* 1874, *p.* 388. The act, however, merely provides that the capital stock of such associations shall be considered personal property and the par value shall be taxed in the names of the parties holding the same in the same manner as other personal property. It does not necessarily conflict with an act preventing the deduction of mortgage indebtedness from the assessed value of real estate. The effect of the act is to make the income on mortgages somewhat greater by making the rate of interest a net return. It has no necessary connection with the amount of taxes to be paid by the landowner, for the difference is one which may be, and eventually and in the long run is, adjusted in fixing the rate of interest so that what the mortgagor seems to lose in the taxes he pays he may recoup by borrowing at a lower rate of interest. The fallacy of the prosecutor's argument is empha-

sized when we reflect that, as between taxpayers and the government, the mortgaged real estate and the fund which the mortgagor has accumulated in the shape of building and loan association stock by way of a sinking fund to meet his mortgage at maturity are distinct properties. The stock belongs wholly to the mortgagor. The real estate belongs in part to him and in part to the mortgagee. The apparent hardship in making him pay taxes on what substantially is the mortgagee's property is a hardship only in cases where the mortgage is not subject to immediate redemption. Such a result is to be guarded against by ·contract. It contravenes no constitutional provision. The twofold character of the relation between the borrowing member and the association has heretofore been pointed out by the Court of Errors and Appeals in *Washington Building and Loan Association* v. *Hornbacker,* 13 *Vroom* 635 (at *p.* 638).

It is not necessary, however, to pursue this inquiry. The act of 1874 was special legislation, as to the assessment of property, applicable only to building and loan associations, and only in Monmouth county. It was therefore repealed by the constitutional amendment of 1875 requiring property to be assessed under general laws and by uniform rules. *North Ward National Bank* v. *Newark,* 10 *Vroom* 380; *affirmed,* 11 *Id.* 558. The attempt to revive this act by the act of 1904 (*Pamph. L., p.* 201) cannot succeed since the revived act would be open to the same objection.

It may be worth while to add that the argument directed against the act of 1904, based upon the constitutional provision forbidding the revival of an act by reference to its title only, is not applicable to a repealing act, where the revival of the old act is by operation of law only. *Wallace* v. *Bradshaw,* 25 *Vroom* 175.

The assessment must be affirmed, with costs.